IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO.  6:16-cv-20 |
| KATHLEEN MACK AND CLAYTON MACK, AS INDEPENDENT EXECUTOR OF THE ESTATE OF WALTER G. MACK, | § § § § § § | |
| Defendants. | § | |

**COMPLAINT FOR INTERPLEADER**

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader, and states:

**PARTIES**

1. **Plaintiff.** Primerica is a Massachusetts corporation with its principal place of business in Duluth, Georgia. Primerica is a citizen of Massachusetts and Georgia within the meaning of 28 U.S.C. § 1332(c).

2. **Defendant Kathleen Mack.** Defendant and claimant Kathleen Mack is an individual and citizen of Texas, and currently resides at 10028 Dunns Fort Road, Hearne, Texas 77859. Kathleen Mack may be served with process at her place of residence.

3. **Defendant Clayton Mack, as Independent Executor of the Estate of Walter G. Mack.** Defendant and claimant Clayton Mack, as Independent Executor of the Estate of Walter G. Mack, is an individual and citizen of Texas, and currently resides

___

COMPLAINT FOR INTERPLEADER                                                                                                      PAGE 1

at 326 County Road 215, Collinsville, Texas 76232.  Clayton Mack may be served with process at his place of residence.

## JURISDICTION AND VENUE

4. **Jurisdiction.**  The Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Primerica, on the one hand, and Kathleen Mack and Clayton Mack (collectively, the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. **Venue.**  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because at least one defendant resides in this judicial district and all Defendants are residents of Texas.

## OPERATIVE FACTS

6. **The Policy.**  Primerica issued its term life insurance policy no. 0411505742 (the "Policy") to Walter G. Mack ("Walter").  Walter originally designated his wife, Gerre Mack, as the primary beneficiary under the Policy.

7. **The First Beneficiary Change.**  Gerre Mack passed away on or about January 7, 2005.  Walter later remarried and by Multipurpose Change Form dated June 18, 2015, designated his new wife, Kathleen Mack, as the primary beneficiary under the Policy.

8. **The Second Beneficiary Change.**  Less than one month later, on July 20, 2015, Primerica received another Multipurpose Change Form, by which Walter changed the primary beneficiary under the Policy to his Estate.

9. **Walter Mack's Letter to Primerica.**  Additionally, by letter dated August 4, 2015, Walter wrote Primerica advising, among other things, that he was going through a divorce and that his "soon to be ex-wife had cleaned out [his] checking account."  In this letter, Walter reaffirmed that he intended to change the primary beneficiary under the Policy.

10. **Primerica Receives Another Multipurpose Change Form.**  Finally, on August 24, 2015, Primerica received another Multipurpose Change Form executed by Walter and again confirming and changing the primary beneficiary under the Policy to his Estate.

11. **Walter Dies.**  On November 19, 2015, Walter passed away.  At the time of his death, the Policy provided $100,000 in life insurance proceeds (the "Policy Proceeds").

12. **Primerica's Possible Double or Multiple Liability.**  By letter dated December 9, 2015, counsel for the Estate of Walter G. Mack advised Primerica that it was claiming the Policy Proceeds.  On December 22, 2015 Primerica received Kathleen Mack's written claim for the Policy Proceeds.  Accordingly, Primerica has a good faith doubt as to whom, between the Defendants, the Policy Proceeds are owed.  Primerica seeks resolution of conflicting claims in good faith.  Primerica is or may be exposed to double or multiple liability.  Primerica has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party.  Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

13. **Retention of Counsel.**  As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

14. **Interpleader.**  Primerica has a good faith doubt as to whom the Policy Proceeds are owed.  Primerica admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability.  Primerica is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader.  Furthermore, Primerica has no independent liability to any claimant in this interpleader.  Primerica shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

15. **Attorneys' Fees.**  Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## PRAYER

16. **Relief Requested.**  Primerica respectfully requests the following relief:

    a.  That Defendants be served with process and be required to answer in the time and manner prescribed by law;

    b.  That the Court grant the interpleader and accept the Policy Proceeds into its Registry;

  c. That each of the Defendants be ordered to interplead and settle between themselves their rights and claims for the Policy Proceeds;

  d. That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and representatives with respect to the Policy and/or for the Policy Proceeds;

  e. That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

  f. That Primerica, its agents and representatives be fully and finally discharged from further liability to the Defendants; and

  g. That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

        Respectfully submitted,


        By: /s/  Bill E. Davidoff
          Bill E. Davidoff
          State Bar No. 00790565
          bill.davidoff@figdav.com
          Attorney-in-Charge

        FIGARI + DAVENPORT, LLP
        901 Main Street, Suite 3400
        Dallas, TX 75202
        TEL:  214.939.2000
        FAX:  214.939.2090

        ATTORNEYS FOR PLAINTIFF
        PRIMERICA LIFE INSURANCE
        COMPANY